UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25cv20858

**HERIBERTO VALIENTE**,

    Plaintiff,

v.

**JURY TRIAL DEMANDED**

**BAPTIST HEALTH SOUTH FLORIDA INC**,
and **PALM BEACH CREDIT ADJUSTORS INC**
*d/b/a* **KENDALL CREDIT AND BUSINESS
SERVICE INC**,

    Defendants.

_____/

## COMPLAINT

Plaintiff Heriberto Valiente ("Plaintiff") sues Defendant Baptist Health South Florida Inc and Palm Beach Credit Adjustors Inc *d/b/a* Kendall Credit and Business Service Inc (collectively, the "Defendants") for violations the Florida Consumer Collection Practices Act ("FCCPA") and Fair Debt Collection Practices Act ("FDCPA").

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

**PARTIES**

3. Plaintiff is a natural person, and a citizen of the State of Florida, residing in #Matter.County# County, Florida.

4. Defendant Baptist Health South Florida Inc ("Baptist Health") is a Florida corporation, with its principal place of business located in Coral Gables, Florida.

5. Defendant Palm Beach Credit Adjustors Inc *d/b/a* Kendall Credit and Business Service Inc ("Kendall Credit") is a Florida corporation, with its principal place of business located in Boynton Beach, Florida.

## DEMAND FOR JURY TRIAL

6. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

7. Kendale Lakes Urgent Care is the name of an out-patient medical facility that provides, among other things, walk-in medical services to consumers for non-emergent medical issues, of which is owned and operated by Baptist Health.

8. On July 11, 2024, Plaintiff sustained a laceration to his right leg that required medical attention (the "Injury").

9. On July 11, 2024, Plaintiff sought and receive treatment for the Injury from Baptist Health by and through the Kendale Lakes Urgent Care, of included the application of sutures to the laceration.

10. On July 11, 2024, Baptist Health requested insurance information from Plaintiff to treat the Injury on and, in response, Plaintiff provided his UnitedHealth insurance information to Baptist Health.

11. Baptist Health billed UnitedHealth for the treatment of the Injury it provided Plaintiff on July 11, 2024, and was paid $428.80.

12. The $428.80 paid to and accepted by Baptist Health fully satisfied the amount owed by Plaintiff to Baptist Health for the treatment rendered on July 11, 2024.

13. On July 20, 2024, Plaintiff sought and received follow-up treatment for the Injury from Baptist Health by and through the Kendale Lakes Urgent Care, of which included removal of the sutures placed on July 11, 2024, and, despite Plaintiff's objection, x-rays of the injury.

14. On July 20, 2024, Baptist Health requested insurance information from Plaintiff to treat the Injury and, in response, Plaintiff provided his UnitedHealth insurance information to Baptist Health.

15. Baptist Health billed UnitedHealth for the treatment of the Injury it provided Plaintiff on July 20, 2024, and was paid $297.20.

16. The $297.20 paid to and accepted by Baptist Health fully satisfied the amount owed by Plaintiff to Baptist Health for the treatment rendered on July 20, 2024.

17. On August 22, 2024, Baptist Health sent Plaintiff a bill which, for the first time, stated that the total the services rendered on July 20, 2024, was $743.00 and that Plaintiff owed Baptist Health $445.80, due immediately, after subtracting the $297.20 already paid to Baptist Health. Attached as Exhibit A is a copy of this bill (the "445 Bill").

18. On August 23, 2024, Baptist Health sent Plaintiff a bill which, for the first time, stated that the total the services rendered on July 11, 2024, was $1,072.00 and that Plaintiff owed Baptist Health $643.20, due immediately, after subtracting the $428.80 already paid to Baptist Health. Attached as Exhibit B is a copy of this bill (the "643 Bill").

19. Upon receipt of the 445 Bill and 643 Bill, Plaintiff became confused, frustrated, upset, and angry because Plaintiff believed Baptist Health was wrongfully balancing-billing for services for which Baptist Health was already fully compensated and, now, Baptist Health was demanding almost $1,000.00 from Plaintiff, due immediately.

20. Confused, frustrated, upset, and angry, by the 445 Bill and 643 Bill, Plaintiff began researching for information about his rights and balancing-billing, spending several hours across multiple days searching for internet for resources, information, and guidance.

21. On September 11, 2024, while still researching the matter, Plaintiff received another bill from Baptist Health regarding the treatment provided on July 20, 2024, again claiming the total amount was $743.00, that $297.20 was already paid, and that Plaintiff owed $445.80 to Baptist Health, due immediately. Attached as Exhibit C is a copy of this bill (the "Second 445 Bill").

22. Believing Baptist Health's collection tactics would only escalate in light of the Second 445 Bill, and because Plaintiff disputed the debts Baptist Health sought to collect, Plaintiff contacted and hired an attorney.

23. On October 9, 2024, Baptist Health was notified in writing that: (1) Plaintiff disputed the debts; (2) Plaintiff demanded validation of the debts; (3) Plaintiff was represented by counsel with respect to the debts; (4) provided the contact information of his attorney; and (5) that all correspondence regarding the debts must be directed to Plaintiff's attorney. Attached as Exhibit D is a copy of the notice (the "October Notice").

24. Baptist Health received the October Notice and knew that (1) Plaintiff disputed the debts; (2) Plaintiff demanded validation of the debts; (3) Plaintiff was represented by counsel with respect to the debts; (4) the contact information of Plaintiff's attorney; and (5) that all correspondence regarding the debts must be directed to Plaintiff's attorney.

25. Despite knowing that Plaintiff was represented by an attorney with respect to the debts, and that Baptist Health was not permitted to contact Plaintiff directly, Baptist Health contracted with Kendall Credit to collect, or attempt to collect, the debts from Plaintiff.

26. In contracting with Kendall Credit to collect, or attempt to collect, the debts from Plaintiff, Baptist Health disclosed to Kendall Credit that, *among other things*: [1] the existence of the debts; [2] the creditor of the debts; and [3] the amount of the debts.

27. In contracting with Kendall Credit to collect, or attempt to collect, the debts from Plaintiff, Baptist Health disclosed to Kendall Credit that, *among other things*: [1] Plaintiff disputed the debts; [2] Plaintiff was represented by an attorney with respect to the debts; and [3] provided Kendall Credit with information sufficient to allow Kendall Credit to readily ascertain the name of Plaintiff's attorney name and the address of Plaintiff's attorney.

28. On a date better known by Defendants, Kendall Credit, on behalf of Baptist Health, began attempting to collect the debts from Plaintiff.

29. Kendall Credit is a business entity engaged in the business of soliciting consumer debts for collection.

30. Kendall Credit is a business entity engaged in the business of collecting consumer debts.

31. Kendall Credit regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

32. Kendall Credit is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

33. Kendall Credit maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

34. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Kendall Credit does maintain, are current to within one week of the current date.

35. For Kendall Credit's "Consumer Collection Agency" license to remain valid, Kendall Credit is required to maintain, *at minimum*, all records specified in Rule 69V-180.080, Florida Administrative Code, and keep such records current within one week of the current date.

36. Rule 69V-180.080(3)(e) of the Florida Administrative Code commands that Kendall Credit *shall* maintain: "[t]he debtor's account of activity disclosing… a record of payments made by the debtor, including the date received and the amount and balance owing."

37. Rule 69V-180.080(9)(a)-(b) of the Florida Administrative Code commands that Kendall Credit *shall* maintain: "basic information about the debt including, at minimum… [d]ocumentation of the debt provided by the creditor," as well as "[t]he date the debt was incurred and the date of the last payment."

38. On November 25, 2024, Kendall Credit sent Plaintiff a collection letter in an attempt to collect $643.20 from Plaintiff for the services rendered on July 11, 2024, on behalf of Baptist Health. Attached as Exhibit E is a copy of this letter (the "643 Collection Letter").

39. Plaintiff received and reviewed the 643 Collection Letter.

40. The 643 Collection Letter caused Plaintiff to waste at least five (5) minutes and caused Plaintiff to become upset, as neither Kendall Credit nor Baptist Hospital was to contact Plaintiff directly, yet Plaintiff was not receiving a collection letter from Kendall Credit on behalf of Baptist Hospital.

41. While frustrated and angered by the 643 Collection Letter, Plaintiff expended at least fifteen (15) minutes preparing and delivering the 643 Collection Letter to his attorney.

42. The 643 Collection Letter represents Kendall Credit first written communication with Plaintiff in connection with the collect of the $643.20 allegedly owed to Baptist Health for the services rendered on July 11, 2024 (the "643 Debt").

43. In the 643 Collection Letter, Kendall Credit falsely states that Kendall Credit had sent a prior letter to Plaintiff regarding the 643 Debt.

44. The 643 Collection Letter fails to disclose or otherwise contain any of the information required by 15 U.S.C. § 1692g(a)(3)-(5), of which relates to Plaintiff's right to dispute the 643 Debt and Kendall Credit's obligation to provide validation of the 643 Debt.

45. The 643 Collection Letter is a communication from Baptist Hospital, by and through Kendall Credit, to Plaintiff directly.

46. The 643 Collection Letter does not disclose or otherwise state that Plaintiff disputes the 643 Debt.

47. The 643 Collection Letter falsely represents the amount of the 643 Debt.

48. On November 25, 2024, Kendall Credit sent Plaintiff a collection letter in an attempt to collect $445.80 from Plaintiff for the services rendered on July 20, 2024, on behalf of Baptist Health. Attached as Exhibit F is a copy of this letter (the "445 Collection Letter").

49. Plaintiff received and reviewed the 445 Collection Letter.

50. The 445 Collection Letter caused Plaintiff to waste at least five (5) minutes and caused Plaintiff to become upset, as neither Kendall Credit nor Baptist Hospital was to contact Plaintiff directly, yet Plaintiff was not receiving a collection letter from Kendall Credit on behalf of Baptist Hospital.

51. While frustrated and angered by the 445 Collection Letter, Plaintiff expended at least fifteen (15) minutes preparing and delivering the 445 Collection Letter to his attorney.

52. The 445 Collection Letter represents Kendall Credit first written communication with Plaintiff in connection with the collect of the $445.80 allegedly owed to Baptist Health for the services rendered on July 20, 2024 (the "445 Debt").

53. In the 445 Collection Letter, Kendall Credit falsely states that Kendall Credit had sent a prior letter to Plaintiff regarding the 445 Debt.

54. The 445 Collection Letter fails to disclose or otherwise contain any of the information required by 15 U.S.C. § 1692g(a)(3)-(5), of which relates to Plaintiff's right to dispute the 643 Debt and Kendall Credit's obligation to provide validation of the 445 Debt.

55. The 445 Collection Letter is a communication from Baptist Hospital, by and through Kendall Credit, to Plaintiff directly.

56. The 445 Collection Letter does not disclose or otherwise state that Plaintiff disputes the 445 Debt.

57. The 445 Collection Letter falsely represents the amount of the 445 Debt.

58. On December 5, 2024, Kendall Credit was notified in writing that: (1) Plaintiff disputed the debts; (2) Plaintiff demanded validation of the debts; (3) Plaintiff was represented by counsel with respect to the debts; (4) provided the contact information of his attorney; and (5) that all correspondence regarding the debts must be directed to Plaintiff's attorney. Attached as Exhibit G is a copy of the notice (the "December Notice").

59. Kendall Credit received the December Notice and knew that (1) Plaintiff disputed the debts; (2) Plaintiff demanded validation of the debts; (3) Plaintiff was represented by counsel with respect to the debts; (4) the contact information of Plaintiff's attorney; and (5) that all correspondence regarding the debts must be directed to Plaintiff's attorney.

60. On January 06, 2025, Kendall Credit sent Plaintiff a collection letter in an attempt to collect $445.80 from Plaintiff for the services rendered on July 20, 2024, on behalf of Baptist Health. Attached as Exhibit H is a copy of this letter (the "Second 445 Collection Letter").

61. The Second 445 Collection Letter falsely represents the amount of the 445 Debt.

62. The Second 445 Collection Letter is a communication from Baptist Hospital, by and through Kendall Credit, to Plaintiff directly.

63. Plaintiff received and reviewed the Second 445 Collection Letter.

64. The Second 445 Collection Letter caused Plaintiff to waste at least five (5) minutes and caused Plaintiff to become upset, as neither Kendall Credit nor Baptist Hospital was to contact Plaintiff directly, especially after the December Notice, yet Plaintiff was not receiving a collection letter from Kendall Credit on behalf of Baptist Hospital.

65. While frustrated and angered by the Second 445 Collection Letter, Plaintiff expended at least fifteen (15) minutes preparing and delivering the Second 445 Collection Letter to his attorney.

66. On January 06, 2025, Kendall Credit sent Plaintiff a collection letter in an attempt to collect $643.20 from Plaintiff for the services rendered on July 11, 2024, on behalf of Baptist Health. Attached as Exhibit I is a copy of this letter (the "Second 643 Collection Letter").

67. The Second 643 Collection Letter is a communication from Baptist Hospital, by and through Kendall Credit, to Plaintiff directly.

68. The Second 643 Collection Letter falsely represents the amount of the 643 Debt.

69. Plaintiff received and reviewed the Second 643 Collection Letter.

70. The Second 643 Collection Letter caused Plaintiff to waste at least five (5) minutes and caused Plaintiff to become upset, as neither Kendall Credit nor Baptist Hospital was to contact Plaintiff directly, especially after the December Notice, yet Plaintiff was not receiving a collection letter from Kendall Credit on behalf of Baptist Hospital.

71. While frustrated and angered by the Second 643 Collection Letter, Plaintiff expended at least fifteen (15) minutes preparing and delivering the Second 643 Collection Letter to his attorney.

72. Following receipt of the Second 445 Collection Letter and Second 643 Collection Letter, Plaintiff began struggling to sleep due to stress and anxiety, believing Kendall Credit was going to employ more invasive and aggressive collection methods – regardless of legally – given the langue used in the letters from Kendall Credit, Kendall Credit's complete disregard of the December Notice.

73. Plaintiff has lost more than (2) hours of sleep on at least seven (7) separate occasions due to the stress and anxiety caused by the Second 445 Collection Letter and Second 643 Collection Letter.

## COUNT 1
### VIOLATION OF 15 U.S.C. 1692c(a)(2)
(against Kendall Credit)

74. Plaintiff incorporates by reference ¶¶ 7-73 of this Complaint.

75. Pursuant to § 1692c(a)(2) of the FDCPA, "…a debt collector may not communicate with a consumer in connection with the collection of any debt … if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address." 15 U.S.C. § 1692c(a)(2).

76. As stated above, Kendall Credit first learned Plaintiff was represented by an attorney when Baptist Health disclosed such information, as well as the name and address of Plaintiff's attorney, to Kendall Credit when Baptist Health hired Kendall Credit to collect the debts. Thus, before Kendall Credit even began sending letters to Plaintiff, it knew it could not attempt to collect the debts directly from Plaintiff. Kendall Credit was also notified directly, in writing, that

Plaintiff was represented by and attorney with respect to the debts after Plaintiff received the first collection letters from Kendall Credit.

77. As such, Kendall Credit violated § 1692c(a)(2) of the FDCPA in separate and independent ways: (1) Kendall Credit violated § 1692c(a)(2) when it communicated with Plaintiff directly, by and through the 643 Collection Letter, in an attempt to collect the 643 Debt; (2) Kendall Credit violated § 1692c(a)(2) when it communicated with Plaintiff directly, by and through the 445 Collection Letter, in an attempt to collect the 445 Debt; (3) Kendall Credit violated § 1692c(a)(2) when it communicated with Plaintiff directly, by and through the Second 643 Collection Letter, in an attempt to collect the 643 Debt; (4) and Kendall Credit violated § 1692c(a)(2) when it communicated with Plaintiff directly, by and through the Second 643 Collection Letter, in an attempt to collect the 643 Debt.

78. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Kendall Credit, awarding Plaintiff the following relief: [1] statutory and actual damages as provided by 15 U.S.C. § 1692k; [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 2
### VIOLATION OF 15 U.S.C. § 1692g and § 1692e
(against Kendall Credit)

79. Plaintiff incorporates by reference ¶¶ 7-73 of this Complaint.

80. Section 1692g(a) of the FDCPA requires that a debt collector send the consumer a written notice containing the information set forth under § 1692g(a)(1)-(5) of the FDCPA either within Defendant's initial communication with the consumer in connection with the collection of a debt or within five (5) days of Defendant's initial communication with the consumer in connection with the collection of a debt. *See* 15 U.S.C. § 1692g(a). Section 1692e of the FDCPA

prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

81. As stated above, the 643 Collection Letter represented the first communication Plaintiff received from Kendall Credit regarding the 643 Debt, and the 445 Collection Letter represented the first communication Plaintiff received from Kendall Credit regarding the 445 Debt. As a result, Kendall Credit was required to provide Plaintiff with written notice of the information contained under § 1692g(a)(3)-(5) of the FDCPA either within both the 643 Collection Letter and the 445 Collection Letter, or within five (5) days of each respective letter.

82. Kendall Credit failed to provide Plaintiff with the information and disclosures required by § 1692g(a)(3)-(5) of the FDCPA with respect to the 643 Debt, as Kendall Credit failed to provide it within the 643 Collection Letter, as well as failed to provide in *via* a separate writing within five (5) days thereof. Thus, by failing to provide Plaintiff with the information and/or disclosures required by 1692g(a)(3)-(5) of the FDCPA with respect to the 643 Debt, Kendall Credit violated 15 U.S.C. § 1692g and § 1692e of the FDCPA.

83. Kendall Credit failed to provide Plaintiff with the information and disclosures required by § 1692g(a)(3)-(5) of the FDCPA with respect to the 445 Debt, as Kendall Credit failed to provide it within the 445 Collection Letter, as well as failed to provide in *via* a separate writing within five (5) days thereof. Thus, by failing to provide Plaintiff with the information and/or disclosures required by 1692g(a)(3)-(5) of the FDCPA with respect to the 445 Debt, Kendall Credit violated 15 U.S.C. § 1692g and § 1692e of the FDCPA.

84. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Kendall Credit, awarding Plaintiff the following relief: [1] statutory and actual damages as

provided by 15 U.S.C. § 1692k; [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 3
### VIOLATION OF 15 U.S.C. 1692e(2)(A)
(against Kendall Credit)

85. Plaintiff incorporates by reference ¶¶ 7-73of this Complaint.

86. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "*[t]he false representation of the character, amount, or legal status of any debt*." 15 U.S.C. § 1692e(2)(A). (emphasis added).

87. As stated above, the debts Kendall Credit sought to collect from Plaintiff represented debts that had already been paid. To the extent any amount was owed by Plaintiff to Baptist Health in connection with the services rendered on July 11, 2024, or July 20, 2024, the amount which Plaintiff owes, if anything, does not equal the amounts demanded by Kendall Credit in the 445 Collection Letter, the 643 Collection Letter, the Second 445 Collection Letter, or the Second 643 Letter. Thus, by falsely representing the amount of the 445 Debt and the 643 Debt, Kendall Credit violated § 1692e(2)(A) of the FDCPA.

88. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Kendall Credit, awarding Plaintiff the following relief: [1] statutory and actual damages as provided by 15 U.S.C. § 1692k; [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 4**
**VIOLATION OF 15 U.S.C. 1692e(8)**
(against Kendall Credit)

89. Plaintiff incorporates by reference ¶¶ 7-73 of this Complaint.

90. Pursuant to § 1692e(8) of the FDCPA, debt collectors are prohibited from communicating with "any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).

91. Kendall Credit knew that Plaintiff disputed the debts because, in contracting with Kendall Credit to collect, or attempt to collect, the debts, Baptist Health informed Kendall Credit that Plaintiff disputed the debts. As mentioned above, however, the 445 Collection Letter, the 643 Collection Letter, the Second 445 Collection Letter, and the Second 643 Letter fail to disclose that Plaintiff disputed the debt Kendall Credit sought to collect. As such, Kendall Credit violated § 1692c(a)(2) of the FDCPA by failing to communicate and/or disclose in any of its written communications with Plaintiff that the subject debt was a disputed debt.

92. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Kendall Credit, awarding Plaintiff the following relief: [1] statutory and actual damages as provided by 15 U.S.C. § 1692k; [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 5**
**VIOLATION OF FLA. STAT. § 559.72(18)**
(against Kendall Credit)

93. Plaintiff incorporates by reference ¶¶ 7-73 of this Complaint.

94. Pursuant to section 559.72 of the FCCPA, no person shall: "[c]*ommunicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt*

*and has knowledge of, or can readily ascertain, such attorney's name and address….*" Fla. Stat. §559.72(18) (emphasis added).

95. As stated above, Kendall Credit first learned Plaintiff was represented by an attorney when Baptist Health disclosed such information, as well as the name and address of Plaintiff's attorney, to Kendall Credit when Baptist Health hired Kendall Credit to collect the debts. Thus, before Kendall Credit even began sending letters to Plaintiff, it knew it could not attempt to collect the debts directly from Plaintiff. Kendall Credit was also notified directly, in writing, that Plaintiff was represented by and attorney with respect to the debts after Plaintiff received the first collection letters from Kendall Credit.

96. As such, Kendall Credit violated § 559.72(18) of the FCCPA in separate and independent ways: (1) Kendall Credit violated § 559.72(18) when it communicated with Plaintiff directly, by and through the 643 Collection Letter, in an attempt to collect the 643 Debt; (2) Kendall Credit violated § 559.72(18) when it communicated with Plaintiff directly, by and through the 445 Collection Letter, in an attempt to collect the 445 Debt; (3) Kendall Credit violated § 559.72(18) when it communicated with Plaintiff directly, by and through the Second 643 Collection Letter, in an attempt to collect the 643 Debt; (4) and Kendall Credit violated § 559.72(18) when it communicated with Plaintiff directly, by and through the Second 643 Collection Letter, in an attempt to collect the 643 Debt.

97. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Kendall Credit, awarding Plaintiff the following relief: **[1]** Statutory and actual damages as provided under Fla. Stat. § 559.77(2); **[2]** An injunction prohibiting Kendall Credit from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; **[3]**

Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2); and **[4]** Any other relief that this Court deems appropriate under the circumstances.

COUNT 6
**VIOLATION OF FLA. STAT. § 559.72(18)**
(against Baptist Hospital)

98. Plaintiff incorporates by reference ¶¶ 7-73 of this Complaint.

99. Pursuant to section 559.72 of the FCCPA, no person shall: "[c]*ommunicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address….*" Fla. Stat. §559.72(18) (emphasis added).

100. As stated above, the collection letters Kendall Credit sent to Plaintiff were communications from Baptist Hospital because the collection letters were sent by Kendall Credit at the direction and/or orders of Baptist Hospital using information provided by Baptist Health for that specific purpose. Thus, by and through each the 445 Collection Letter, the 643 Collection Letter, the Second 445 Collection Letter, or the Second 643 Letter, Baptist Health communicated with Plaintiff directly in an attempt to collect the respective debt.

101. As such, Batist Health violated § 559.72(18) of the FCCPA in separate and independent ways: (1) Batist Health violated § 559.72(18) when it communicated with Plaintiff directly, by and through the 643 Collection Letter, in an attempt to collect the 643 Debt; (2) Batist Health violated § 559.72(18) when it communicated with Plaintiff directly, by and through the 445 Collection Letter, in an attempt to collect the 445 Debt; (3) Batist Health violated § 559.72(18) when it communicated with Plaintiff directly, by and through the Second 643 Collection Letter, in an attempt to collect the 643 Debt; (4) and Batist Health violated § 559.72(18) when it communicated with Plaintiff directly

102. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Baptist Hospital, awarding Plaintiff the following relief: **[1]** Statutory and actual damages as provided under Fla. Stat. § 559.77(2); **[2]** An injunction prohibiting Baptist Hospital from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; **[3]** Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2); and **[4]** Any other relief that this Court deems appropriate under the circumstances.

**COUNT 7**
**VIOLATION OF FLA. STAT. § 559.72(6)**
(against Baptist Hospital)

103. Plaintiff incorporates by reference ¶¶ 7-73 of this Complaint.

104. Pursuant to § 559.72 of the FCCPA, in collecting consumer debts, no person shall: "*[d]isclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.*" Fla Stat. § 559.72(6) (emphasis added).

105. As stated above, after it was notified that Plaintiff disputed the 445 Debt and 643 Debt by and through the October Notice, Baptist Health contracted with Kendall Credit to collect, or attempt to collect the debts from Plaintiff. In so doing, Baptist Health disclosed to Kendall Credit the existence of the debts, that the debts were owed to Baptist Health by Plaintiff; and that Plaintiff did not pay the debts and/or defaulted on the debts.

106. Thus, to the extent Kendall Credit claims it *was not* notified by Baptist Health that Plaintiff disputed the validity of the debts, Baptist Health violated § 559.72(6) by failing to disclose to Kendall Credit that that fact when contracting with Kendall Credit to collect, or attempt to collect the debts.

107. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Baptist Hospital, awarding Plaintiff the following relief: **[1]** Statutory and actual damages

as provided under Fla. Stat. § 559.77(2); **[2]** An injunction prohibiting Baptist Hospital from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; **[3]** Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2); and **[4]** Any other relief that this Court deems appropriate under the circumstances.

DATED: February 24, 2025

Respectfully Submitted,

 /s/ Thomas Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:   Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:   Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street Suite 1732
Fort Lauderdale, Florida 33309
Phone:   561-542-8550