## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.: 1:25-cv-20858-RAR/Louis

**HERIBERTO VALIENTE,**

      **Plaintiff,**

**v.**

**BAPTIST HEALTH SOUTH FLORIDA, INC., and PALM BEACH CREDIT ADJUSTORS, INC. d/b/a KENDALL CREDIT AND BUSINESS SERVICE, INC.,**

      **Defendants.**

_____/

## DEFENDANT'S VERIFIED POST-JUDGMENT MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE EXPENSES AND COSTS

Defendant, Baptist Health South Florida, Inc. ("Baptist Health"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 54(d) and S.D. Fla. L. R. 7.3(a), hereby moves for an award of attorneys' fees and non-taxable costs against Plaintiff, Heriberto Valiente ("Valiente").[1] In this case, Valiente advanced and pursued claims without standing as he never had any concrete injury in fact. Because Valiente's claims failed to raise a justiciable issue of law or fact, were otherwise frivolous and/or were brought in bad faith for purposes of harassment, Baptist Health requests an award of attorneys' fees and non-taxable costs against Valiente pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77(2). Submitted in support of this motion is the Sworn Declaration of Eric D. Isicoff ("Isicoff Declaration"), attached hereto as **Exhibit 1**.

---

[1] Baptist Health contracts with Palm Beach Credit Adjustors Inc. d/b/a Kendall Credit and Business Service, Inc. ("PBCA") and, pursuant to an agreement between them, has advanced all fees and costs incurred by PBCA in this action. Accordingly, any judgment awarding fees and costs should be entered solely in favor of Baptist Health.

## INTRODUCTION

### A.    Factual Background

On July 11, 2024, Valiente sought medical treatment at Kendale Lakes Urgent Care and provided his UnitedHealth insurance information. (D.E. 13 ¶¶ 9, 10.) Valiente alleged that Baptist Health billed UnitedHealth and was paid $428.80 in full satisfaction of the amount owed for the July 11 medical care. (*Id.* ¶¶ 11, 12.) On August 23, 2024, Baptist Health sent Valiente a bill for $643.20, which UnitedHealth had identified as Valiente's out-of-pocket expense after applying the $428.80 insurance payment to the $1,072.00 total charge for the medical treatment he received on July 11, 2024. (D.E. 13-2.) Thereafter, PBCA sent three follow-up letters seeking payment of Valiente's $643.20 bill. (D.E. 13-5; 13-7; 13-11.)

On July 20, 2024, Valiente returned to Kendale Lakes Urgent Care for follow-up medical treatment and again provided his UnitedHealth insurance information. (D.E. 13 ¶¶ 13, 14.) Valiente alleged that Baptist Health billed UnitedHealth and was paid $297.20 in full satisfaction of the amount owed for the July 20 medical care. (*Id.* ¶¶ 15, 16.) On August 22, 2024, Baptist Health sent Valiente a bill for $445.80, which UnitedHealth identified as Valiente's out-of-pocket expense after applying the $297.20 insurance payment to the $743.00 total charges for the medical treatment he received on July 20, 2024. (D.E. 13-1.) Thereafter, PBCA sent three follow-up letters seeking payment of Valiente's $45.80 bill. (D.E. 13-6; 13-8; 13-10.)

Valiente alleged that, as a result of not paying his medical bills and receiving statements requesting payment, he became "[c]onfused, frustrated, upset and angry," lost time consulting with and forwarding the bills to his attorney and spent "approximately five (5) hours" researching "for information about his rights and balance-billing." (D.E. 13 ¶¶ 21-23, 99-100, 106-107, 118-119, 124-125.) Valiente further alleged that he experienced "stress, anxiety, and subsequent injuries"

and began "struggling to sleep due to stress and anxiety" and lost "more than two (2) hours of sleep on at least seven (7) separate occasions due to the stress and anxiety" caused by his receipt of the requests for payment for the medical services he had received. (*Id*. ¶¶ 126-127.)

**B.    Relevant Procedural History**

On January 20, 2025, Valiente filed a 31-paragraph Complaint against Kendall Credit and Business Service, Inc. - - a fictitious entity - - for violation of Fla. Stat. §§ 559.72(18) and 559.72(9), in Miami-Dade County Court, Case No. 2025-012672-cc-05, seeking $1,000 in statutory damages. On January 31, PBCA filed a Limited Notice of Appearance and Motion to Quash Service of Process. Realizing that he had sued a non-existent entity, Valiente dismissed the County Court case on February 25, 2025.

Meanwhile, on February 24, 2025, Valiente filed a 107-paragraph Complaint in this Court, which was a confusing, "everything but the kitchen sink" shotgun pleading asserting five (5) causes of action against PBCA, two (2) causes of action against the newly added defendant, Baptist Health, and seeking $2,000 in statutory damages ($1,000 per defendant). (D.E. 1.) On March 26, 2025, Baptist Health and PBCA filed a Motion to Dismiss Complaint arguing, *inter alia*, that Valiente had no concrete injury in fact and therefore lacked standing. (D.E. 9.) On April 9, 2025, instead of responding to the Motion to Dismiss, Valiente filed the operative Amended Complaint, which was another confusing, now 174-paragraph tome that asserted six (6) repetitive causes of action against PBCA and two (2) against Baptist Health. (D.E. 13.) On April 23, 2025, Baptist Health and PBCA filed a Motion to Dismiss Amended Complaint, raising, *inter alia*, the same standing arguments as before. (D.E. 16.)

On September 30, 2025, Baptist Health and PBCA filed a Motion for Final Summary Judgment and Statement of Undisputed Material Facts in support of their Motion for Summary

Judgment, raising, *inter alia*, the same standing arguments. (D.E. 40; 41.) On December 24, 2025, the Court entered an Order Granting Defendants' Motion for Summary Judgment and a Final Judgment in favor of Defendants. (D.E. 55; 56.) In its Order, the Court expressly found that Valiente lacked standing because he did not suffer any injury in fact. (D.E. 55 at 13.)

Baptist Health is entitled to its attorneys' fees and non-taxable costs from Valiente under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(a)(3), and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.77(2).

## INFORMATION REQUIRED BY LOCAL RULE 7.3

Baptist Health provides the following information in support of its request for attorneys' fees and Litigation Costs.

Rule 7.3(a)(1) and Rule 7.3(b). This motion was served on January 19, 2026, in draft form, on Valiente's attorney. Accordingly, this Motion has been timely filed, and the draft motion was timely served on Valiente at least 30 days prior to the deadline for filing.

Rule 7.3(a)(2). The Order (D.E. 55) and Final Judgment (D.E. 56) give rise to the motion. Attorneys' fees and litigation costs are awardable to Baptist Health as the prevailing party, and pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77(2).

Rule 7.3(a)(3). Baptist Health seeks $104,470.00 in fees and $6,242.32 in non-taxable expenses and costs. The breakdown of the fees and the costs sought is provided in the Isicoff Declaration. (Ex. 1.)

Rule 7.3(a)(4). Baptist Health agreed to compensate Isicoff Ragatz for the services of the attorneys working on this case on an hourly basis.

Rule 7.3(a)(5). The identity, experience, and qualification for each timekeeper for whom fees are sought; the number of hours reasonably expended by each such timekeeper; a description

of the tasks done during those hours; and the hourly rates claimed for each timekeeper are set forth in the Isicoff Declaration and its exhibits.

Rule 7.3(a)(6). The description and documentation with invoices of the claimed fees and expenses not taxable under 28 U.S.C. § 1920 are attached to the Isicoff Declaration.

Rule 7.3(a)(7) and (8). This Motion contains the required verification and certification.

## ARGUMENT

I. **Baptist Health is Entitled to an Award of Attorneys' Fees and Non-Taxable Costs and Expenses for Prevailing on Counts I Through VIII of the Amended Complaint**

On this record, it cannot reasonably be disputed that Valiente lacked standing to bring this lawsuit from the inception of the case. The Court entered summary judgment against Valiente on all eight claims. Valiente's decision to pursue his claims when the Court lacked subject matter jurisdiction - - because Valiente had no concrete injury in fact and therefore lacked standing - - should not be ignored. Valiente's conduct has forced Baptist Health to incur over $94,470.00 in fees and $6,242.32 in non-taxable costs in its defense against wholly unsupported claims. Applicable law authorizes the Court to award Baptist Health its fees and costs under these circumstances.[2]

A. **Baptist Health Is Entitled to Its Attorneys' Fees and Non-Taxable Costs In Defending Against Valiente's Six FDCPA Claims Brought in Bad Faith and For Purposes of Harassment**

Pursuant to the FDCPA, "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). "The Eleventh Circuit has not defined the meaning of 'in bad faith and for the purpose of

---

[2]    Baptist Health separately has resolved with Valiente taxable costs owed pursuant to 28 U.S.C. § 1920. None of the costs resolved therein are the subject of this Motion.

harassment' in the FDCPA context." *Rivera v. Portfolio Recovery Assocs., LLC*, No. 23-CV-61138-SINGHAL/VALLE, 2025 WL 1639488, at \*2 (S.D. Fla. March 19, 2025). "Nevertheless, district courts have set a high bar and have required evidence 'that a plaintiff both knew that his or her claim was meritless and pursued it with the purpose of harassing the defendant.'" *Id.*, at \*5 (collecting cases). *See also Pinson v. Albertelli L. Partners, LLC*, No. 14-CV-80009, 2014 WL 12649014, at \*2 (S.D. Fla. Aug. 27, 2014) ("the hallmark of a bad-faith lawsuit is one 'where the suit is so completely without hope of succeeding that the court can infer that the plaintiff brought the suit to harass rather than to obtain a favorable judgment' ") (citation omitted), *R&R adopted*, 2015 WL 14091980 (S.D. Fla. Feb. 13, 2015).

Valiente is a professional plaintiff who, as of September 2025, had filed at least 130 lawsuits in Broward County for violation of Florida's Security of Communications Act, and filed at least 25 lawsuits in both state and federal courts in Miami-Dade County for alleged violations of the FDCPA, FCCPA, and myriad other consumer protection statutes. (D.E. 41 ¶¶ 1-26.) When Valiente received the requests for payment from Baptist Health and PBCA, he knew what to do in order to obtain yet another payout and wavier of his medical debt - - had such a strategy been viable. Valiente did not read any of the statements, did not make any payments and did not contact Baptist Health, PBCA or his insurance carrier to inquire about why he was receiving bills for the medical services he received; the only thing he did was send copies of the letters to his lawyer. (*Id.* ¶¶ 34, 36, 38, 40, 46, 49, 51, 58, 60, 63, 70, 72.) Valiente's alleged injuries were entirely contrived and certainly he knew that the allegations behind his FDCPA claims were not in fact true prior to filing the Complaint, yet he filed it anyway in bad faith. Valiente had no concrete injury in fact when he initiated the litigation in County Court and had no concrete injury in fact at any point through the entry of Final Judgment in favor of the Defendants by this Federal Court.

The record evidence demonstrates that Valiente was aware that his FDCPA claims against the Defendants were factually and legally untenable even before the outset of his lawsuit, yet he pursued them anyway for the improper purpose of having his delinquent medical debt canceled, while attempting to extort a monetary settlement along the way. This is quintessential harassing, bad-faith conduct. *See, e.g., del Fuoco v. Wells*, No. 8:03CV161T–23TGW, 2005 WL 2291720, at * (M.D. Fla. Sept. 20, 2005) (holding that the plaintiff's threat to file a complaint with the Florida Elections Commission relating to alleged campaign finance violations if defendant did not pay him $500,000 - - an amount far in excess of any credible value of the case - - plus attorney's fees to settle the case was in bad faith and warranted sanctions pursuant to the court's inherent power); *Triple7Vaping.com, LLC v. Shipping & Transit LLC*, No: 16-cv-80855-MIDDLEBROOKS, 2017 WL 5239874, at * (S.D. Fla. Feb. 6, 2017) (finding that the defendant knew, or willfully disregarded, the falsity of its assertion that the plaintiff's website infringed defendant's patents, and therefore acted with subjective bad faith).

> **B.**     **Baptist Health Is Entitled to Its Attorneys' Fees In Defending Valiente's Two FCCPA Claims Which Failed to Raise a Justiciable Issue of Law or Fact**

Section 559.77 of the FCCPA provides that "[i]f the court finds that the suit fails to raise a justiciable issue of law or fact, ***the plaintiff is liable*** for court costs and reasonable attorney's fees incurred by the defendant." Fla. Stat. § 559.77(2) (emphasis supplied.) It is "a well-established rule in Florida that statutes awarding attorney's fees must be strictly construed." *Dade Cnty. v. Pena*, 664 So. 2d 959, 960 (Fla. 1995) (quotation marks omitted); *see also Ins. Co. of N. Am. v. Lexow*, 937 F.2d 569, 573 (11th Cir. 1991). "As such, '[t]he trial court's jurisdiction to award an attorney fee to an insured is dependent upon the conditions imposed by the [relevant] statute.'" *Am. Builders Ins. Co. v. Southern-Owners Ins. Co.*, No. 20-81357-CV-

MIDDLEBROOKS/Brannon, 2021 WL 12299809, at *9 (S.D. Fla. April 30, 2021) (quoting *AIU Ins. Co. v. Coker*, 515 So. 2d 317, 318 (Fla. 2d DCA 1987)).

"While the FDCPA informs, in part, the consideration of the FCCPA, the latter 'provides a broader standard for recovery of attorney's fees than the FDCPA[.]'" *Burgos v. SunTrust Bank, N.A.*, No. 13-21197-Civ-MARINEZ/TORRES, 2020 WL 2299937, *4 (S.D. Fla. March 31, 2020), *R&R adopted*, 2020 WL 2299936 (S.D. Fla. May 7, 2020) (quoting *DeBoskey v. SunTrust Mortg., Inc.*, 2018 WL 6168125, at *2 (M.D. Fla. Nov. 26, 2018)). "There is little authority on what constitutes a failure to 'raise a justiciable issue of law or fact' in the context of a claim for fees by a prevailing defendant in an FCCPA case." *Burgos*, 2020 WL 2299937, *4. However, in other contexts, "'Florida courts have consistently held that in order for an action to be devoid of merit so as to not have a justiciable issue the claims must be 'frivolous.'" *Id.* (quoting *JES Props., Inc. v. USA Equestrian Inc.*, 432 F. Supp. 2d 1283, 1290 (M.D. Fla. 2006), (in turn quoting *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1508 (11th Cir. 1985) (internal quotation marks omitted)).

Frivolousness, the measure of whether a plaintiff is liable for fees under the FCCPA, must be assessed at the outset of the lawsuit: "[f]rivolousness of a claim … is to be judged and determined as of the time it is initially presented, and if it can pass muster at that point, subsequent developments which render the claim or the defense to be without justiciable issue in law or fact should not subject the losing party to attorney's fees." *JES Props.*, 432 F. Supp. 2d at 1290 (quoting *Murphy v. WISU Props., Ltd.*, 895 So.2d 1088, 1094 (Fla. 3d DCA 2004) (citations omitted); *Burgos*, 2020 WL 2299937, at *5 (same).

Here, Valiente's FCCPA claims were completely devoid of any justiciable issue of law or fact, and indisputably frivolous, because they were dead on arrival. As Baptist Health raised in its

Motion to Dismiss Complaint, Motion to Dismiss Amended Complaint and in its Motion for Summary Judgment, Valiente did not have standing because he did not have a concrete injury in fact and failed to establish that he suffered a non-conjectural harm analogous to intrusion upon seclusion. (D.E. 9 at 5-9; D.E. 16 at 5-11; D.E. 40 at 3-6.) Having been put on notice of his lack of standing as a bar to his claims, by virtue of the two motions to dismiss, Valiente nevertheless proceeded to double down on his conclusory and insufficient allegations of harm.

Ultimately, the Court entered summary judgment in Defendants' favor on all claims, agreeing that "Plaintiff failed to establish that he sustained a concrete injury in fact and failed to submit any evidence demonstrating a violation of the FDCPA or FCCPA by either Defendant." (D.E. 55 at 7.) Specifically, the Summary Judgment Order held that, with respect to Valiente's asserted injury of wasted time, Valiente could not rely on "self-imposed injur[ies] to satisfy Article III." (*Id.* at 9.) The Court further held that Valiente failed to show that he "spent money and time to correct an error that itself cause a concrete harm." (*Id.* at 11, quoting *Bachiri v. Medicredit, Inc.*, No. 25-10356, 2025 WL 2803798, at *2 (11th Cir. Oct. 2, 2025)). Finally, the Court held that, with respect to Valiente's asserted injuries of loss of sleep and emotional distress, "a plaintiff 'cannot rely solely on his feelings of distress, confusion, or anxiety to fabricate concrete injury.'" (D.E. 55 at 12, quoting *Preisler v. Eastpoint Recovery Grp., Inc*., No. 20-62268, 2021 WL 2110794, at *5 (S.D. Fla. May 25, 2021)). Accordingly, Valiente failed to raise a justiciable issue of law or fact in bringing the FCCPA claims when he utterly lacked standing. As such, pursuant to section 559.77(2) of the FCCPA, Baptist Health is entitled to recover its attorney's fees for having to defend against the frivolous claims.

**C.      The Amount of Attorneys' Fees and Non-Taxable Costs Sought By Baptist Health is Reasonable**

If the Court finds that Valiente's claims failed to raise a justiciable issue of law or fact, were otherwise frivolous and/or were brought in bad faith for purposes of harassment and, therefore, that Baptist Health is entitled to an award of fees and non-taxable costs, the next inquiry is the amount of such an award. It is well-established that an award must be reasonable. *Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc*., 387 F.3d 1241, 1243 (11th Cir. 2004). A reasonable attorneys' fee award is calculated by multiplying "the number of hours reasonably expended" by "a reasonable hourly rate." *Id*.; *O'Rear v. Am. Family Life Assur. Co. of Columbus*, 144 F.R.D. 410, 414 (M.D. Fla. 1992). Additionally, any award should include the amount of attorneys' fees incurred in establishing entitlement to fees. *Hill v. Chequered Flag Auto Sales, Inc*., No. 6:05CV1597ORL18KRS, 2007 WL 710139, at *5 (M.D. Fla. Mar. 6, 2007) (citing *Thompson v. Pharm. Corp. of Am., Inc*., 334 F.3d 1242, 1245 (11th Cir. 2003)); *Club Madonna, Inc. v. City of Miami Beach*, No. 1323762-CIV-LENARD/GOODMAN, 2015 WL 5559894, at *10 (S.D. Fla. Sept. 22, 2015) (citing *Jackson v. State Bd. of Pardons & Paroles*, 331 F.3d 790, 798-99 (11th Cir. 2003)). As more fully set forth below, the Court should award the Baptist Health $104,470.00 in attorneys' fees and $6,242.32 in non-taxable costs against Valiente.

**1.      The Fees Sought Against Valiente Are Reasonable**

Baptist Health seeks an award of $94,470.00 in attorneys' fees against Valiente. Valiente brought six claims against PBCA under the FDCPA and two claims against Baptist Health under the FCCPA. (D.E. 13.) Both statutes provide a basis for fees. As set forth in the attached Isicoff Declaration, Baptist Health has incurred $94,470.00 in attorneys' fees necessarily and reasonably expended in its successful defense of this action. That figure includes the fees incurred from the start of this case through Baptist Health's counsel's most recent invoices (for December 2025).

Baptist Health also seeks an award of $10,000.00, which is a reasonable estimate of the fees that Baptist Health will incur in drafting and obtaining rulings on its motion for fees and costs. The fees charged by Baptist Health's counsel are reasonable and within the hourly rates charged for the time of similarly experienced partners, associates and paralegals in Miami-Dade County. Further, the fees charged by Baptist Health's counsel contain no excessive, redundant or otherwise unnecessary hours; thus, the hours billed were reasonably expended.

Because all claims in this case related to Valiente's refusal to pay his medical debt and arose out of the same common core of facts, and because Valiente lacked standing as to all claims, there is no need to attempt to parse out time between the claims asserted against Baptist Health and PBCA for purposes of awarding fees. *See, e.g., Conti v. Auchter*, 266 So.3d 1250, 1251 (Fla. 5th DCA 2019) ("where the claims involve a 'common core' of facts and are based on 'related legal theories,' a full fee may be awarded unless it can be shown that the attorneys spent a separate and distinct amount of time on counts as to which no attorney's fees were sought") (quoting *Boswell v. Shirley's Pers. Care Servs. of Okeechobee, Inc.*, 211 So.3d 210, 212 (Fla. 4th DCA 2017), in turn quoting *Anglia Jacs & Co. v. Dubin*, 830 So.2d 169, 172 (Fla. 4th DCA 2002)).

Issues are "inextricably intertwined" or involve a "common core of facts" when "'work for one claim cannot be distinguished from work on other claims.'" *22nd Century Props., LLC v. FPH Props., LLC*, 160 So.3d 135, 144 (Fla. 4th DCA 2015) (quoting *Miller v. Miller*, 107 So.3d 430, 433 (Fla. 4th DCA 2012), in turn quoting *Franzen v. Lacuna Golf Ltd. P'ship*, 717 So.2d 1090, 1093 (Fla. 4th DCA 1998)). Thus, "where a particular claim is subject to a fee entitlement but one or more related claims are not, 'time spent marshaling the facts' of the related claims is compensable because it 'likely would have been spent defending any one or all of the counts.'" *Id*. (quoting *Durden v. Citicorp Trust Bank, FSB*, 763 F. Supp. 2d 1299, 1306 (M.D. Fla. 2011), in

turn quoting *Caplan v. 1616 E. Sunrise Motors, Inc*., 522 So.2d 920, 922 (Fla. 3d DCA 1988)).
See also *Liu v. Univ. of Miami, Sch. of Med*., No. 13-22187-CIV, 2018 WL 4613326, at *2 (S.D.
Fla. Sept. 26, 2018) ("The Court notes that the FMLA, the basis for Count V of Plaintiff's
Complaint (DE 1), does not provide for the award of attorney's fees to the prevailing party.
However, because the FMLA claim and the litigation work associated with it are intertwined with
the other claims, the Court does not require Defendant to separate its work on Plaintiff's FMLA
claim for the purpose of requesting reasonable attorney's fees and non-taxable costs in the above-
styled cause."). Accordingly, Baptist Health seeks an award of all fees it incurred in this action
from March 12, 2025 (when the Complaint was filed), through the date entitlement is determined.

## 2.      The Amount of Non-Taxable Costs Sought Is Reasonable

Baptist Health has incurred $6,242.32 in non-taxable costs necessarily and reasonably
expended in its successful defense of this action. These costs include charges for mediation
($1,500.00), Westlaw ($4,731.82) and Pacer ($10.50). Such items properly are recoverable as non-
taxable costs. *See Liu v. Univ. of Miami, Sch. of Med*., No. 13-22187-CIV, 2018 WL 4613326, at
*4 (S.D. Fla. Sept. 26, 2018) ("The Court finds the nontaxable costs Defendant seeks—$78.25 in
copy charges, $3898.81 in Westlaw research charges, $68.80 in PACER charges, and $250.00 in
mediation fees—to be reasonable and allowable."); *Brown Jordan Int'l, Inc. v. Carmicle*, No. 14-
60629-CV, 2017 WL 5633312, at *10 (S.D. Fla. Aug. 7, 2017) ("It is well settled that expenses
such as reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls,
computer legal research, postage, courier service, mediation, exhibits, documents scanning, and
visual equipment are typically recoverable as nontaxable costs.") (quotations, citations and
alterations omitted), *R&R adopted*, 2017 WL 5632811 (S.D. Fla. Aug. 22, 2017); *Hamilton v.
Sheridan Healthcare., Inc*., No. 13-62008-CIV, 2015 WL 13541033, at *12 (S.D. Fla. Mar. 4,

2015) (awarding non-taxable costs for delivery/postage, meals, parking and mediation), *R&R adopted*, 2015 WL 13540998 (S.D. Fla. Mar. 25, 2015).

Additionally, Baptist Health seeks an award of $500.00, which is a reasonable estimate of the nontaxable costs that Baptist Health will incur in drafting and obtaining rulings on its motions for fees and costs. Thus, the total amount of non-taxable costs sought is $6,742.32.

## CONCLUSION

On this record, it cannot reasonably be disputed that Valiente's claims failed to raise a justiciable issue of law or fact, were otherwise frivolous and/or were brought in bad faith for purposes of harassment. By pursuing these claims, Valiente has caused Baptist Health and the Court to waste valuable, limited resources. Applicable law empowers the Court to order Valiente to reimburse Baptist Health for the attorneys' fees and non-taxable costs incurred in connection with this meritless case.

WHEREFORE, Baptist Health respectfully requests that the Court (1) award Baptist Health its attorneys' fees in the amount of $104,470.00 and non-taxable costs in the amount of $6,742.32 against Valiente; (2) enter judgment in those amounts in favor of Baptist Health, as set forth above, along with post-judgment interest on all awards; (3) order Valiente to complete, under oath, Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet), including all required attachments, and serve it on Baptist Health's counsel within 45 days of the date judgment is entered; and (4) grant such other relief as the Court deems just and appropriate under the circumstances.

**VERIFICATION**

Under penalty of perjury, I declare that I have read the foregoing, and the facts stated herein are true and correct to the best of my knowledge and belief.

By: /s/ Eric D. Isicoff

Eric D. Isicoff

**CERTIFICATE OF CONFERENCE**

Pursuant to S.D. Fla. L.R. 7.1(a)(3) and 7.3(c), I hereby certify that, on January 9, 2026, an attorney in my office, Catherine A. Mancing, emailed Plaintiff's counsel a draft copy of this Motion (and supporting Sworn Declaration and invoices) in a good-faith effort to resolve the items of fees and costs being sought herein. On February 6, 2026, Attorney Mancing spoke telephonically with Plaintiff's counsel regarding this Motion, and Plaintiff's counsel advised that Plaintiff is opposed to the relief requested herein.

By: /s/ Eric D. Isicoff

Eric D. Isicoff

Respectfully submitted,

**ISICOFF RAGATZ**
601 Brickell Key Drive, Suite 750
Miami, Florida 33131
Tel: (305) 373-3232
Fax: (305) 373-3233

By: /s/ Eric D. Isicoff

Eric D. Isicoff
Florida Bar No. 372201
Isicoff@irlaw.com
Catherine A. Mancing
Florida Bar No. 23765
Mancing@irlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I **HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via

CM/ECF on the <u>19th</u> day of February 2026 upon the following:

Thomas Patti, Esq.
Victor Zabaleta, Esq.
Patti Zabaleta Law Group
110 SE 6th Street, 17th Floor
Fort Lauderdale, FL 33301
Tel.: (561) 542-8550
E-mail: Tom@pzlg.legal
E-mail: Victor@pzlg.legal

By: /s/ Eric D. Isicoff
Eric D. Isicoff